# White, State Auditor, *v.* Smith, *et al.*

### *Application for Mandamus.*

.1. *Refunding taxes paid by mistake; duty imposed upon Auditor merely ministerial.*—The statute "to provide for the refunding of taxes improperly paid" (Acts of 1890-91, p. 1139), providing that upon a probate judge, in obedience to an order of the commissioners court, certifying to the Auditor the amount of taxes shown to have been improperly paid, the Auditor, if he find such certificate correct in fact and amount, shall draw his warrant in favor of the person who has improperly paid the taxes, upon the State Treasurer for the amount so certified by the probate judge, imposes upon the Auditor a merely ministerial duty, in the exercise of which the Auditor is without discretion; and if, upon the examination of the certificate of the probate judge, the Auditor ascertains that it is in fact an authentication of the action of the court of county commissioners, and that the amount of the State taxes recited therein corresponds to that contained in the order of the court, the requirements of the statute are mandatory, and the Auditor can not, in the exercise of his own judgment, withhold the warrant on the State Treasurer.

2. *Same; requisite of claim for taxes.*—Where a claim against the State for taxes improperly paid has been established by the commissioners court, in accordance with the provisions of the statute "to provide for the refunding of taxes improperly paid" (Acts of 1890-91, p. 1139), such claim needs no verification or itemization to entitle it to be paid, as required by the provisions of section 109 of the Code of 1886 (Code of 1896, § 2008), relating to claims against the State; such section having reference to special claims against the State remaining in the form of open accounts, and not to claims, the amount of which have been ascertained and declared in the course of judicial proceedings before a court of competent jurisdiction.

APPEAL from the City Court of Montgomery.

Heard before the Hon. JOHN G. WINTER.

The facts of the case are sufficiently stated in the opinion.

[White, State Auditor, v. Smith *et al.*]

WILLIAM C. FITTS, Attorney-General, for the appellant. The act of 1890–91, page 1139, does devolve upon the Auditor a duty as to which judgment and discretion is to be exercised by that officer. The writ of *mandamus* can be awarded against a public official only where the act required to be done is merely ministerial in its nature.—*United States v. Seaman,* 17 How. 225; *Ex parte Thompson,* 52 Ala. 100.

The guide board to the Auditor's duty in this matter is found in the words "and that officer shall find the same to be correct in fact and amount" as they occur in Acts of 1890–91, page 1139. This can not mean anything except that the Auditor has the right to look into the facts and ascertain in a judicial way whether or not he will pay the claim out of the treasury of the State. The Auditor must be satisfied that the facts are true. This can not be a mixed duty. It does not require the mere manual use of the hand, but the use of the head, and his action can not be controlled in this way.—*Kimball v. Morris,* 2 Metc. (Mass.) 573; *Dechert v. Commonwealth,* 113 Pa. St. 229.

ARNOLD & EVANS, *contra.*—There was no error in overruling the demurrer to the petition, because the petition fully complied with the Acts of 1888–89, and 1890–91; and more, section 109 of the Code of 1886, is not applicable to the case.—Acts, 1888–89, p. 6; Acts, 1890–91, p. 1139.

Even when an officer acts judicially and not ministerially, if he capriciously or arbitrarily refuses to perform a legal duty, he is subject to *mandamns.*—*Ex parte Thompson,* 52 Ala. 98; *Weeden v. Town Council,* 98 Amer. Dec. 375; *State v. Kirke,* 95 Amer. Dec. 326; *Council of Glencoe v. People,* 78 Ill. 382; *Commissioners v. Lynch,* 2 McCord 170; *Stockton R. R. Co. v. Stockton,* 51 Cal. 339; *Arberry v. Beavers,* 55 Amer. Dec. 791; *State v. LaFayette,* 41 Mo. 226.

But the appellant did not act judicially in the matter. Auditing or allowing or disallowing a claim against the State by him, is not a judicial act.—*Commissioners Court v. Moore,* 53 Ala. 25; *Speed v. Cocke,* 57 Ala. 209.

The order of the court of commissioners, a court of record, having jurisdiction of the matter, allowing the claim, was *prima facie* correct, and the burden of im-

peaching it was on appellant.—*Commissioners Court v. Moore*, 53 Ala. 25 ; *Speed v. Cocke*, 57 Ala. 209 ; *Grayson v. Latham*, 84 Ala. 546.

BRICKELL, C. J.—The act of the General Assembly, approved February 18, 1891, (Pamph. Acts, 1890-91, p. 1139), authorizes any person who by mistake has paid taxes which he ought not to have paid, to apply to the commissioners' court to have such taxes refunded. Upon such application being made, and the mistake being established to the satisfaction of the court, they may direct and order the probate judge to draw a warrant on the county treasurer in favor of such person for the amount of county taxes shown to have been so improperly paid ; and the court may authorize the probate judge to certify to the Auditor such mistake and the amount of State taxes which have been so improperly paid. On the presentation of such certificate to the Auditor, if he finds the same correct in fact and amount, it is his duty to draw his warrant on the State Treasurer for the amount so certified by the probate judge, which is payable from any funds in the treasury not otherwise appropriated.

The appellees presented to the commissioners' court of the county of Jefferson, an application for the refunding to them State and county taxes for the years 1891, 1892, 1893, on certain real estate, which by mistake were paid twice. On the hearing of the application, the court adjudged the relators were entitled to have the excess of taxes refunded, and ordered the judge of probate to certify to the Auditor such mistake and the amount of State taxes improperly paid. On the presentation of the certificate to the predecessor of the appellant, he refused to draw a warrant on the treasurer for the amount so certified.

Thereupon, the appellees filed in the court below, a petition for a writ of *mandamus* commanding the drawing of such warrant, alleging the foregoing facts, and further alleging, that the refusal to draw the warrant was arbitrary, without any suggestion or claim by the Auditor that he found anything incorrect in said certificate or order, or that there was any error in fact or amount as shown by said certificate and order, or otherwise. The Auditor appeared in answer to the alterna-

tive writ, and demurred to the petition assigning numerous causes, which are reducible to two inquiries. The first is, whether the duty imposed on the Auditor is mandatory, or discretionary, involving the exercise on his part of a degree of judgment in finding or ascertaining whether the certificate of the judge of probate is correct in amount. The second is, whether the claim of the relators is within the purview of the statute (Code of 1886, § 109 ; Code of 1896, § 2008), requiring that "all amounts against the State must be accurately and fully itemized, and accompanied with the affidavit of the party, stating the correctness of the same, and that no portion of such amount has been paid." The demurrers were overruled, and the Auditor declining to answer or plead further, judgment final, awarding a peremptory *mandamus* was rendered, from which this appeal was taken.

The statute is intended to provide the tax-payer, who by mistake has paid taxes he ought not to have paid, a speedy, inexpensive remedy to reclaim the money from the State and county treasury into which it has passed. It is the successor of preceding statutes having a common object—the promotion of justice and equity between the State and the county and the tax-payer. If by mistake, whether of law or of fact, the State or county has through the medium of taxation received the money of the tax-payer to which it was not entitled, *ex equo et bono,* it is but natural right and justice that the mistake should be corrected and the money refunded. The commissioners court of the county in which the taxes were assessed, levied and paid, has on its files the assessment book and the reports by the tax collector of all taxes which have been paid, and of all which are unpaid, and is the tribunal of peculiar fitness to ascertain the facts the statute requires shall be ascertained, before the judge of probate is authorized to draw a warrant on the county treasurer for the amount of the county taxes, and before authorizing him to make the certificate to the Auditor. When the facts have been ascertained—judicially ascertained—and properly certified to the Auditor, the statute would not accomplish its plain and manifest purpose, as to the taxes which had passed into the State treasury, forming part of the adjudication of the court, if the duty of the Auditor is discretionary—if he could in the exercise of his own judgment withhold the war-

[White, State Auditor, v. Smith *et al.*]

rant on the State treasury. There would be no remedy
for the tax-payer except an appeal to the General As-
sembly, with its delays, and legislation would be multi-
plied. The statute recognizes the tax-payer as
aggrieved—that money has been taken from him in the
form of taxes by mistake, to which neither the State
nor county is entitled—and it recognizes the duty and
obligation of each to refund it. Construing the statute
in its entirety, keeping in view the purposes it was in-
tended to accomplish, a simple ministerial duty is im-
posed on the Auditor—the examination of the certifi-
cate of the judge of probate, to ascertain whether it is
in fact an authentication of the action of the court of
county commissioners, and that the amount of the State
taxes it recites, corresponds to that recited in the order
of the court. A duty of like kind devolves on every
county treasurer, in the payment of claims against the
county which have been audited and allowed by the
court of county commissioners. The fact of audit and
allowance is certified, or the order of payment is drawn
by the judge of probate. The treasurer necessarily ex-
amines the one, or the other, to ascertain its genuine-
ness. While the examination may be said to involve
judgment in some degree, the duty to be performed is
ministerial, simple and well defined—the payment of
the claim in the order and upon the conditions the
statute may prescribe.

When the claim is ascertained by the court of county
commissioners, it passes beyond the form of an account
—it is established by the judgment of the court, and
needs no verification or itemization. The judgment
imports and, until impeached in a proper mode and by
proper procedure, is the absolute evidence of its own
verity. The statute (Code of 1886, § 109 ; Code of 1896,
§ 2008), to which we have referred, manifestly has
reference to special claims against the State, remaining
in the form of open accounts, and not to claims the
amount of which have been ascertained and declared in
the course of judicial proceedings before and by a court
of competent jurisdiction. Besides, the want of verifi-
cation and itemization, was not the ground of the re-
fusal of the Auditor to draw the warrant, and we are
not inclined to the opinion, if there was any force in the
objection, that he could now be heard to make it.

We find no error in the judgment of the city court,
and it must be affirmed.