254 So.2d 324

Harvey L. RABREN, as Commissioner of Revenue of State of Alabama

v.

The PULLMAN CO., a Corp.

3 Div. 454.

Supreme Court of Alabama.

Nov. 4, 1971.

MacDonald Gallion, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue and Asst. Atty. Gen., Herbert I. Burson, Jr., Asst. Counsel, Dept. of Revenue and Asst. Atty. Gen., for appellant.

J. M. Williams, Jr., Rushton, Stakely, Johnston & Garrett, Montgomery, for appellee.

.SIMPSON, Justice.

The facts in this case are not in dispute and were stipulated between the parties as follows:

"1. Plaintiff [Pullman] is an Illinois corporation with its principal place of business in Chicago, Illinois, and is authorized to do business in the State of Alabama.

"2. Defendant is Commissioner of Revenue of the State of Alabama and is charged with the duty of collection [sic] the license tax described in Title 51, Section 186, Code of Alabama, Recompiled 1958.

"3. That heretofore on December 27, 1967, the plaintiff paid tax described in Title 51, Section 186, Code of Alabama, Recompiled 1958, to Defendant, under protest, in the amount of Twenty Thousand ($20,000.00) Dollars, for the year 1968.

"4. This action was begun on February 23, 1968 in the manner prescribed by Title 51, Section 890, Code of Alabama, Recompiled 1958.

"5. Plaintiff is engaged in the business of operating sleeping cars and chair cars commonly called Pullman cars. During the year 1967 the total car miles of its operations throughout the United States totalled 163,792,727, and in 1968 it totalled 115,220,007. That during the year 1967 its total car mileage in lines touching Alabama was 12,488,508 and the total car mileage of its interstate operations within the State of Alabama was 2,675,375, and in 1968 its total car mileage in lines touching Alabama was 8,013,745 and the total car mileage of its interstate operations within the State of Alabama was 1,797,745.

"6. The number of its cars assignable to the State of Alabama on a line mileage basis for the year 1967 was 10.52, and for the year 1968 was 6.64. If the Company was required to assess its property for ad valorem tax purposes for said years, the ad valorem taxes due would be substantially less in amount that [sic] the $20,000.00 license fee.

"7. Plaintiff's total revenue for the years 1967 and 1968, respectively, was $6,264.00 and $3,995.00, for travel between terminal points within the State of Alabama and for sales in Alabama for commissary items in Pullman Company's interstate operations.

"8. Plaintiff does no intrastate business in the State of Alabama and except for its cars moving through Alabama in interstate operations, it owns no real or personal property within the State of Alabama.

"9. That the statute levying the $20,000.00 tax was enacted July 15, 1935, and codified as Section 186 of Title 51, Code of Alabama 1940, and that Plaintiff, The Pullman Company, a corporation, has complied with the statute and paid .the $20,000.00 each year since the enactment of the statute through the year 1967."

As indicated in the stipulation of facts, the Pullman Company paid under protest the license tax levied under Section 186,

**626**

Title 51, on December 27, 1967, and sought in this proceeding to have the same refunded under the provisions of Title 51, § 890, Code. The trial court rendered its judgment holding:

"* * * that the business done by the Plaintiff in the operation of its sleeping cars, chair cars and other cars, commonly known as Pullman cars, in the State of Alabama, is business that is exclusively interstate in character; and that the tax levied under Title 51, Section 186, Code of Alabama * * * when levied on the business done by the Plaintiff within the State of Alabama, is a direct tax upon business done in interstate commerce.

"It is, therefore, Considered, Ordered and Declared that the tax levied by Title 51, Section 186, Code of Alabama, Recompiled 1958, when levied on the business done by the Plaintiff in the State of Alabama violates the Commerce Clause of the Constitution of the United States, * * * and is therefore unconstitutional, illegal and void and that the tax in the amount of $20,000.00 paid by the Plaintiff under protest and collected by the Defendant was illegally and invalidly collected, and is due to be and should be refunded to the Plaintiff, * * *."

From that judgment the Commissioner of Revenue perfected this appeal.

Title 51, § 142 of the Code provides:

"It shall be the duty of the department of revenue to assess for taxation all property of all railroad companies, street and suburban railroad companies or persons or companies operating railroad or street railroads, or suburban railroads or sleeping cars in this state; * * * and all property not required by law to be listed for taxation with the county tax assessor; and the owner, president, general manager, agent, trustee, receiver or other person or persons having control of the company's affairs in this state shall make returns of all property of

said company located in this state to the department of revenue. Provided, that if any sleeping car company shall pay the license or privilege tax of twenty thousand dollars as provided in section 186 of this title, such company shall not be assessed for taxation under this chapter."

Title 51, § 186, provides:

"License tax on sleeping, palace, parlor, chair, and buffet cars.—Every person who engages in the business of operating cars usually termed sleeping, palace, parlor, chair, buffet cars or by whatever name called shall be deemed to be a sleeping car company or association engaged in the business of operating or running sleeping cars * * * and doing business in the state of Alabama and shall annually pay in advance on or before the first day in January of each year to the state of Alabama a license or privilege tax in the sum of twenty thousand dollars."

The Revenue Commissioner in brief seems to concede that the statute under which the tax was paid (§ 186) is violative of the United States Constitution but says that since the taxpayer paid the tax for many years and ignored the constitutional question it has "ratified it application by payment". We cannot agree with this contention. As pointed out in Sadler v. Langham, 34 Ala. 311:

"It is, perhaps, never too late to reestablish constitutional rights, the observance of which had been silently neglected."

That case noted that cases pronouncing statutes unconstitutional had come in one state 40 years after enactment and 70 years thereafter in another.

 We think it is unquestionable as the trial court found and as this court and the Supreme Court of the United States have repeatedly held that the state has no authority to impose a license tax on

*purely interstate activity* within the state. State v. West Point Wholesale Grocery Co., 284 Ala. 149, 223 So.2d 269; City of Roanoke v. Stewart Grocery Co., 235 Ala. 23, 176 So. 820. The Commissioner stipulated that this was the nature of the taxpayer's business, with respect to the tax imputed under § 186. The stipulation in paragraph 7 thereof shows that there is a degree of intrastate activity which is constitutionally subject to a state tax should the legislature see fit to impose such a tax. However, that question is not before us.

In St. Louis Southwestern Railway Co. v. State of Arkansas, 235 U.S. 350, 35 S. Ct. 99, 59 L.Ed. 265, the Supreme Court of the United States said:

> " 'It is settled that where by way of duties laid on the transportation of the subjects of interstate commerce, or on the receipts derived therefrom, or *on the occupation or business* of carrying it on, a tax is levied by a state on *interstate* commerce, such taxation amounts to a regulation of such commerce and cannot be sustained * * *.' " (Emphasis added.)

Further, in Spector Motor Service, Inc. v. O'Connor, 340 U.S. 602, 71 S.Ct. 508, 95 L.Ed. 573, the Supreme Court of the United States having previously struck down a Connecticut statute where a franchise tax was levied upon a corporation for the privilege of doing an interstate business, said with regard to a state tax computed on the corporation's net income, reasonably attributable to its business activities within the state:

> "This Court heretofore has struck down, under the Commerce Clause, state taxes upon the privilege of carrying on a business that was *exclusively interstate* in character. * * *"

The same court has approved, however, a statute which applied only to intrastate business. Thus in Allen v. Pullman's Palace Car Company, 191 U.S. 171, 24 S.Ct. 39, 48 L.Ed. 134, it was observed in upholding the constitutionality of the statute:

> "Its terms apply strictly to the business done in the transportation of passengers taken up at one point in the state and transported wholly within the state to another point therein."

The statute under consideration here (§ 186) is not so limited.

While it is beyond dispute that a state may not lay a tax on the privilege of engaging in interstate commerce (Spector Motor Service, Inc. v. O'Connor, supra), the Commerce Clause of the Constitution of the United States does not bar a state from levying a tax on a foreign corporation authorized to do business in the state where the taxpayer does both an interstate and intrastate business, if the tax imposed is based upon the value of the privilege of doing the intrastate or local business. International Harvester Co. v. Evatt, 329 U. S. 416, 67 S.Ct. 444, 91 L.Ed. 390.

The narrow question before us is whether or not § 186 of Title 51 can be applied to business which is stipulated to be *exclusively interstate* in character. On that narrow issue we agree with the decision reached by the trial court. Its decision is therefore affirmed.

Conceding that such a discussion is not necessary to a disposition of the case we do note that the Commissioner in brief seems to argue that since Title 51, § 142 is constitutional, a position with which we agree, in that that section applies to a property tax imposed upon property located within the state, that the taxpayer should not now be allowed to raise the constitutional validity of § 186 as applied to it. The reasoning of the Commissioner in this regard is difficult to understand in that to support his argument that the constitutional argument is unavailable to the taxpayer he asserts that the tax imposed by § 186 is mandatory. Conceding without deciding that that statute is mandatory, we cannot

understand how that would save the constitutionality of it when applied to purely interstate activity of a foreign corporation. On the contrary, it would appear to us to further illustrate the extent to which the statute violates the Commerce Clause when applied to exclusively interstate activities.

Affirmed.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.