The **ADVERTISER COMPANY, a corporation, Plaintiff,**

v.

George C. **WALLACE et al., Defendants.**

**Civ. A. No. 77–532–N.**

United States District Court,
M. D. Alabama, N. D.

March 8, 1978.

M. R. Nachman, Jr., and Joel E. Dillard, Steiner, Crum & Baker, Montgomery, Ala., for plaintiff.

Maury D. Smith and Charles M. Crook, Smith, Bowman, Thagard, Crook & Culpepper, Montgomery, Ala., for defendant Wallace.

Harry Y. Dempsey, III, and Eric A. Bowen, Asst. Attys. Gen., State of Ala., and Charles A. Stakely, Rushton, Stakely, Johnston & Garrett, Montgomery, Ala., for other defendants.

## MEMORANDUM OPINION

JOHNSON, Chief Judge.

This action is brought pursuant to 42 U.S.C. § 1983 by The Advertiser Company, seeking damages for violations of its constitutional rights allegedly committed by defendants Governor George C. Wallace, Commissioner of Revenue Charles A. Boswell, and several other officials of the Alabama Department of Revenue. Jurisdiction is based on 28 U.S.C. §§ 1331, 1343. The action is submitted for consideration of motions to dismiss filed by each of the defendants.

According to the complaint, The Advertiser, through the two newspapers it publishes, has frequently criticized the administration of Governor Wallace and has subjected the Governor and members of his family to adverse investigative reporting. In an attempt to punish The Advertiser for its criticism, to deter such criticism in the future, and to limit circulation of plaintiff's newspapers, defendants have arbitrarily imposed certain sales and lease tax assessments on plaintiff.[1] The taxes, owed to 50 separate taxing entities in the state, have never before been imposed on a newspaper publisher. Moreover, no other similarly situated newspaper publisher is being assessed with these taxes. The Advertiser contends that the assessments chill its right of free press guaranteed by the First Amendment and infringe on its Fourteenth Amendment rights to due process and equal protection. Consequently, it requests that this Court award it $500,000 in compensatory and punitive damages. Specific items of damage are not set out in the complaint.

Defendants have moved to dismiss on several grounds. First, they assert this Court lacks subject matter jurisdiction in that the action is barred by 28 U.S.C. § 1341, the tax injunction statute. Next, they allege plaintiff has failed to state a claim upon which relief can be granted. Finally, defendants argue this Court should abstain.

Upon consideration of the record, briefs filed by the parties, and the relevant case law, this Court is of the opinion that it is precluded from hearing The Advertiser's claim by 28 U.S.C. § 1341, which provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

In general, to determine if Section 1341 bars federal jurisdiction, two questions

---

1. The sales and lease taxes assessed by the Department of Revenue are authorized by *Ala. Code* §§ 40–23–1, *et seq.*; 40–12–220, *et seq.* *See* Complaint at 3 n. 1. In addition, the Department is attempting to collect similar taxes levied by 49 local governments. The applicability of a tax imposed by one of the local governments, the City of Montgomery, has been the subject of litigation in the Alabama courts for several years. *See State v. Advertiser Co.*, 337 So.2d 942 (Ala.Civ.App.1976).

must be answered. First, would granting plaintiff the relief it seeks "enjoin, suspend or restrain" a state tax assessment? Second, does plaintiff have a "plain, speedy and efficient remedy" in the state courts? Since in this case both questions must be answered affirmatively, Section 1341 deprives this Court of jurisdiction. Accordingly, the motions to dismiss filed by defendants must be granted.

■ An analysis of whether an award of damages in this case would "enjoin, suspend or restrain" the assessment of taxes against The Advertiser must focus on *Bland v. McHann*, 463 F.2d 21 (5th Cir. 1972), *cert. denied*, 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973), a case similar to this one. In *Bland*, black residents of a Mississippi town brought a class action under Section 1983 challenging increases in their property tax assessments purportedly imposed to punish them for engaging in demonstrations against racial discrimination. The class sought injunctive relief and a refund of the increased taxes paid plus interest. The Fifth Circuit held that the District Court was without jurisdiction to hear the claim, explaining its rationale as follows:

> We are convinced that both long-standing judicial policy and congressional restriction of federal jurisdiction in cases involving state tax administration make it the duty of federal courts to withhold relief when a state legislature has provided an adequate scheme whereby a taxpayer may maintain a suit to challenge a state tax. The taxpayer may assert his federal rights in the state courts and secure a review by the Supreme Court.

> It is well established that § 1341 is an explicit congressional limitation on the jurisdiction of the federal courts in cases which would enjoin, suspend or restrain state tax levy, assessment or collection. Taxpayers seek to circumvent § 1341 by arguing that relief under § 1983 is supplemental and is not limited to any requirement of exhaustion of state remedies. We do not disagree with the general rule that exhaustion is not required in § 1983 cases; however, in this case § 1983 collides full force with a specific congressional limitation on federal jurisdiction. In such circumstances we are convinced that § 1341 must prevail.

463 F.2d at 24. The class argued that, even if Section 1341 was applicable to their request for anticipatory relief, it did not preclude their action for a refund. This argument, however, was rejected. The court stated that when Section 1341 compels a taxpayer to seek anticipatory relief through a plain, adequate and speedy state remedy, "[a]n ancillary claim for a refund should properly be joined with it." *Id.* at 27. Later cases make clear that Section 1341 precludes actions for refunds even if anticipatory relief is not sought. *Kelly v. Springett,* 527 F.2d 1090, 1094 (9th Cir. 1975); *United States v. State Tax Comm. of Mississippi,* 505 F.2d 633 (5th Cir. 1974).

■ Arguably, the case law leaves open the precise issue presented here—*i. e.,* whether a Section 1983 action seeking only compensatory and punitive damages is barred by Section 1341. Yet, the same policies which preclude awarding anticipatory relief or a refund should also preclude an award of the damages sought in this case.[2]

---

2. According to Justice Brennan:

The special reasons justifying the policy of federal noninterference with state tax collection are obvious. The procedures for mass assessment and collection of state taxes and for administration and adjudication of taxpayers' disputes with tax officials are generally complex and necessarily designed to operate according to established rules. State tax agencies are organized to discharge their responsibilities in accordance with the state procedures. If federal declaratory relief were available to test state tax assessments, state

tax administration might be thrown into disarray, and taxpayers might escape the ordinary procedural requirements imposed by state law. During the pendency of the federal suit the collection of revenue under the challenged law might be obstructed, with consequent damage to the State's budget, and perhaps a shift to the State of the risk of taxpayer insolvency. Moreover, federal constitutional issues are likely to turn on questions of state tax law, which, like issues of state regulatory law, are more properly heard in the state courts. See generally, S.Rep.No.

Although perhaps less coercive than anticipatory relief and less intrusive than a refund, the damage award plaintiff seeks, especially its request for punitive damages, still is designed to deter collection of the taxes now being assessed by defendants. Particularly since final assessments have not been made, the threat of an adverse monetary judgment may well cause defendants to await the outcome of this action before proceeding any further. Moreover, once the assessments are made final and sustained on appeal, The Advertiser's damages will include the amount of its tax liability. To consider only The Advertiser's claim for punitive and unspecified compensatory damages would frustrate the judicial policy of undertaking only those cases in which complete relief can be afforded. *See Mandel v. Hutchinson,* 336 F.Supp. 772, 779–780 (C.D.Cal.1971), *aff'd* 494 F.2d 364 (9th Cir. 1974). Accordingly, Section 1341 dictates that this Court not consider this action unless it appears that The Advertiser has no plain, speedy and efficient remedy in state court.

The Alabama legislature has made several procedures available to those disputing tax assessments. Until the assessments are made final, the taxpayer may pay the taxes under protest and file suit for a declaratory judgment. *Ala.Code* § 40–23–87; *Sparks v. Brock & Blevins,* 274 Ala. 147, 145 So.2d 844 (1962). Upon payment of the tax or posting of a supersedeas bond, the taxpayers may appeal to the Circuit Court of Montgomery County pursuant to *Ala.Code* § 40–

2–22. Questions of the constitutionality of the taxes may be raised on appeal. See *Paramount-Richards Theatres, Inc. v. State,* 252 Ala. 54, 39 So.2d 380 (1949) (decided issue whether tax burdened interstate commerce in violation of United States Constitution). The Circuit Court's determination is subject to review by the Court of Civil Appeals, Alabama Supreme Court, and United States Supreme Court.

In *Lasker Boiler & Engineering Corp. v. Hamm,* 216 F.Supp. 74 (M.D.Ala.1963), *aff'd* 328 F.2d 429 (5th Cir. 1964), this Court held that these procedures constitute a plain, speedy and efficient remedy within the meaning of Section 1341. The Advertiser contends that in the context of this case, however, these appeal procedures do not provide it with a plain, speedy and efficient remedy. Its principal complaint is that it will have to appeal each of the 51 assessments separately since they have not been consolidated by defendants. Yet, The Advertiser can bypass any difficulties caused by nonconsolidation by seeking declaratory or injunctive relief in the state courts. Although several statutes prohibit a state court from enjoining the collection of any tax,[3] the Alabama courts have long recognized an exception to this rule where, coupled with the illegality of the tax, there is a "recognized ground of equitable jurisdiction."[4] *E. g. Owen v. West Alabama Butane Co.,* 278 Ala. 406, 178 So.2d 636 (1965); *Glass v. Prudential Insurance Co.,* 246 Ala. 579, 22 So.2d 13 (1945); *Nachman v. State*

1035, 75th Cong., 1st Sess. (1937). These considerations make clear that the underlying policy of the anti-tax-injunction statute, 28 U.S.C. § 1341 . . . bars all anticipatory federal adjudication in this field, not merely federal injunctions.
*Perez v. Ledesma,* 401 U.S. 82, 127 n. 17, 91 S.Ct. 674, 698, 27 L.Ed.2d 701 (1971) (Brennan, J., concurring).

3. Ala.Code § 40–2–22 ("No court shall have the power to enjoin the collection of any taxes due" on an assessment which has been appealed.); § 40–23–87 ("No injunction . . . shall issue in any suit, action or proceeding in any court against this state or against any officer thereof to prevent or enjoin . . . the collections of any tax or any amount of tax herein required to be collected.")

4. Plaintiff cites *State v. Norman Tobacco Co.,* 273 Ala. 420, 142 So.2d 873 (1962) for the proposition that injunctive relief in tax proceedings is unavailable in Alabama except to maintain the status quo during pendency of an appeal. That case, however, merely held that temporarily enjoining state revenue officials from refusing to issue tobacco stamps during pendency of a dispute over the assessment of a tobacco tax was not barred by Art. I, § 14 of the Alabama Constitution, which prohibits suits against the state. In any event, since The Advertiser does not seek permanent injunctive relief in this action, a temporary injunction in state court would sufficiently protect its rights.

*Tax Commission,* 233 Ala. 628, 173 So. 25 (1937). One recognized ground of equitable jurisdiction exists when a taxpayer is faced with the necessity of raising similar defenses against the same defendant in a number of proceedings in order to contest the validity of a tax. *See Shanks v. Winkler,* 210 Ala. 101, 97 So. 142 (1923) (lower court's refusal to enjoin tax assessment was reversed where, in the absence of equitable relief, taxpayer would be faced with a "multiplicity of actions" to assert its rights); *cf. Donoghue v. Bunkley,* 247 Ala. 423, 25 So.2d 61 (1946) (multiplicity of actions justified declaratory relief, but not an injunction).

The Advertiser also contends its state remedies are inadequate because they do not permit recovery of the damages sought in this action and necessitate financial hardship.[5] These contentions were answered by the Fifth Circuit in *Bland v. McHann, supra,* where it was stated:

> Neither the judicial decisions nor § 1341 requires that the state remedy be the best remedy available or even equal to or better than the remedy which might be available in the federal courts. Section 1341 merely requires that the state remedy be "plain, speedy and efficient."

Since, in state court, The Advertiser will be able to get a determination of the legality of the tax assessments and a refund of any payments it may be required to make, its state remedies are adequate to protect its rights. Moreover, if dissatisfied with these remedies, The Advertiser can file a Section 1983 action in state court raising all of the claims it could raise in federal court. *Long v. District of Columbia,* 152 U.S.App.D.C. 187, 469 F.2d 927 (1972) (state courts are obligated to hear 1983 actions); *see Lee v. Giles,* 271 F.Supp. 785 (M.D.Ala.1967) ("the courts of the several states have a duty to

furnish judicial protection of all rights guaranteed by the Constitution of the United States."); 1 *J. Moore, Federal Practice* ¶ 0.6[3] (1977).

An appropriate order will be entered.

---

**5.** In addition, The Advertiser alleges it will be "irreparably and irremediably injured" if this Court does not grant it the monetary relief it seeks. The appropriate remedy for such injury is an injunction, a remedy The Advertiser has declined to request at this time, presumably in an attempt to avoid Section 1341. While Section 1341 bars injunctive relief in the federal courts, it appears that in the Alabama courts The Advertiser can seek such relief to prevent any irreparable harm to its First Amendment rights. *See Butler v. Wilson,* 237 Ala. 312, 186 So. 687 (1939) (recognizing the existence of equitable jurisdiction where legal remedies are inadequate for the protection of an "acknowledged right"); 27 *Am.Jur.*2d, Equity § 66 (1966) (equitable jurisdiction lies to protect civil rights).