Alabama Acts 80-700, codified at Ala. Code 1975, §§ 40-25A-1
through -20, in an effort to impede the "marijuana trade," imposed a privilege tax of $.25 per package on gummed cigarette papers at the wholesale level, which, absent the tax, sold for approximately $15 per package. Ungummed papers remained untaxed by the Act. Plaintiffs, one manufacturer/distributor and five wholesale distributors of cigarette rolling papers, brought this action, seeking (1) a judgment declaring that the Act is unconstitutional; (2) a permanent injunction against the collection of the tax; and (3) an order requiring the State to refund taxes paid pursuant to the Act. The trial court held the Act was constitutional and denied all other relief sought. Plaintiffs appeal from that judgment.
The plaintiffs contended below and argue here that the tax on gummed cigarette papers violates the Alabama Constitution and the United States Constitution because the Act arbitrarily taxes gummed papers but not ungummed papers and, thus, does not include all like objects which are members of the class. Plaintiffs argued that the classification bears no rational relation to the purpose of the Act and that the Act imposes an oppressive level of taxation on a legitimate and useful private business. On appeal, the appellants contend that because the classification is arbitrary and capricious, it violates the equal protection provisions of the Alabama Constitution, Article I, §§ 1 and 35. We agree.
The legislature's power to classify for purposes of taxation is broad, and the constitutional restraint on that power is not violated if such classification is reasonable and if it bears a substantial relation to the permissible objective of the legislation. Thorn v. Jefferson County, 375 So.2d 780 (Ala. 1979). The Supreme Court of the United States has expressed the test as follows in Allied Stores of Ohio v. Bowers,358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480 (1959):
 "The State must proceed upon a rational basis and may not resort to a classification that is palpably arbitrary. The rule often has been stated to be that the classification `must rest upon some ground of difference having a fair and substantial relation to the object of the legislation.'"
358 U.S. at 527, 79 S.Ct. at 441.
Of course, the burden is on the challenger to show that there exists no set of facts which could reasonably support the distinction and classification made by the legislature. We hold that the appellants have met that burden, and we reverse the trial court's judgment.
Gummed cigarette papers differ from ungummed ones in one minimal particular. *Page 1269 
They are functionally interchangeable and virtually identical in appearance. Gummed ones adhere more readily. Is this a "substantial distinction," making one class different from the other? We think not, and, indeed, the legislature initially proposed a tax on all cigarette papers without regard to whether they were gummed or ungummed. It was only after a suggestion by one of the legislators that the proposed tax might place an unfair burden on "an old South Alabama farmer that rolls his own cigarettes" that the bill was changed to apply only to gummed papers.
The taxing of gummed cigarette papers at a substantially higher rate than ungummed papers is an unreasonable classification not based upon a real and substantial distinction and constitutes an unequal treatment proscribed by the Constitution of this State, Article I, §§ 1 and 35.
Having concluded that the legislation violates the equal protection provisions of the Constitution, we need not address other constitutional challenges advanced by the appellants.
The judgment appealed from is reversed and the cause is remanded.
REVERSED AND REMANDED.
All the Justices concur.