88 So.2d 371

**John GRAVES, as State Comptroller,**

v.

**James B. McDONOUGH, Jr.**

**3 Div. 700.**

Supreme Court of Alabama.

June 14, 1956.

**408**

John Patterson, Atty. Gen., and Gordon Madison, Asst. Atty. Gen., for appellant.

Vickers & Thornton, Mobile, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal by John Graves, as State Comptroller, from a final decree of the Circuit Court of Montgomery County, in Equity, making a declaratory judgment.

The bill seeking a declaratory judgment was filed by appellee, and alleges the existence of an actual controversy between him and the state comptroller, which arose out of a claim by appellee that the comptroller should draw a warrant on the state treasurer in favor of appellee for an amount which the Probate Judge of Mobile County certified to the comptroller as a refund of taxes paid by appellee on an erroneous escape assessment made by the tax assessor on certain improvements to described lots in Mobile County. Appellee in his bill asserted the claim that such escape assessments, attempted to be made by authority of section 53 of Title 51, Code of 1940, were void and of no effect, and that he made application to the Judge of Probate of Mobile County to procure a refund on account of such error or mistake by him in paying the tax based upon such illegal escape assessment.

The probate judge examined the petition and tax books and found the facts set forth in the petition are such as to entitle appellee to a refund of the money as prayed for, and so certified to the comptroller. (This is alleged to be provided for in Sections 328, 329 and 330, Title 51, Code of 1940.) The comptroller refused to draw his warrant on the treasurer in favor of appellee for the amount so certified. Section 330 provides that if the comptroller shall be satisfied that the petitioner is entitled to have the money refunded to him, he shall draw his warrant on the treasurer, etc.

The comptroller claims that the error or mistake mentioned in Sections 328–330, supra, is not such as requires a refund of taxes paid by reason of an illegal assessment made under Sec. 53, Title 51, supra. He also claims that a declaratory judgment is not the appropriate remedy to determine whether appellee is entitled to a warrant drawn by the comptroller under the circumstances; and, further, that appellee made a voluntary payment of the assessed tax in question without protest or appeal from the assessment as authorized by Sec. 53, Title 51, supra.

The decree appealed from found and declared against the comptroller on those questions, and he insists upon them on this appeal.

The brief of the Attorney General representing appellant frankly admits that the attempted escape assessment made by authority of Sec. 53, Title 51, supra, was not legally justified by that Statute, on the authority of State v. Mortgage-Bond Co. of New York, 224 Ala. 406, 140 So. 365. The result of that admission is that although legally and technically appellee was not due to have paid that escape assessment, he voluntarily did so without protest and without pursuing the statutory course provided in Sec. 53, Title 51, supra, by appealing to the circuit court; also, that in the alternative, his remedy, if any, was by mandamus. He is not insisting that this is a suit against the state in violation of section 14 of the Constitution.

First, we inquire whether there is any administrative method provided by law which appellee must have pursued to obtain a refund.

■ Section 53, Title 51, supra, provides that the tax assessor shall give notice of the escape assessment, and that such person may appear within twenty days and make objection to the assessment, and appeal to the circuit court from an adverse ruling. If no objection is made, the tax assessor shall make the assessment final. But we think the taxpayer by failing to object was not cut off from other remedies which he may have had to contend that the assessment was void for want of legal authority, and to obtain a refund. The assessment is void under the authority of State v. Mortgage-Bond Co. of New York, supra. Being void, the taxpayer was not required to pursue any certain remedy to get it so declared and obtain a refund. "The necessity for pursuing the statutory remedy does not exist where the assessment complained of is void and illegal." 84 C.J.S., Taxation, § 513, Note 90.

■ "It is the general rule that a taxpayer seeking judicial relief from an erroneous assessment must have exhausted his remedies before the administrative body empowered initially to correct the error. * * * An exception is made when the attempted assessment is a nullity because the property is either tax exempt or outside the jurisdiction." Security-First Nat. Bank v. Los Angeles County, 35 Cal.2d 319, 217 P.2d 946, 947; Bank of America Nat. Trust & Savings Ass'n v. Mundo, 37 Cal.2d 1, 229 P.2d 345.

■ True, the Mortgage-Bond case, supra, merely affirmed on appeal the judgment of the circuit court without considering the necessity to appeal to the circuit court from such an assessment. We do not think that appellee was required to make objection to the tax assessor and appeal from the assessment as a condition to a contention that the escape assessment was illegal and without authority of law. 84 C.J.S., Taxation, § 513.

■ The question then arises as to whether Sections 328–330, supra, afford relief. In order to determine that question, it is appropriate to look to some other features of the law then existing and thereafter enacted.

Sections 328–331, Title 51, Code of 1940, were first enacted in the General Revenue Act of 1919, General Acts 1919, p. 362, Sections 273–275. There have been some changes made since then, to which we shall call attention later. At that time, section 332, Tit. 51, was in existence by virtue of an act of the Legislature of 1907, General Acts 1907, p. 639, and was carried into the Code of 1907 as section 2345, and later in the Code of 1923 as section 3144. It was in

the same language as it now appears in section 332, supra. It provided for a refund of taxes paid under mistake of law or fact upon any illegal tax assessment, but not taxes paid to the state nor to the general fund of counties. So that, at the time of the enactment of section 328, Title 51, Code 1940, there was a provision for a refund of taxes paid under a mistake of law or fact under an illegal assessment except state taxes, and those that went into the general fund of counties. Under that act, the right ·to refund applied to every sort of tax on assessments which were illegal but made under color of law except state and certain county taxes.

It is fair to assume, therefore, that the first enactment of section 328, as it appeared in the 1919 Act, was intended to cover what had been excepted in 1907 by enacting what is now section 332, Title 51, Code 1940; and there is further evidence of that conclusion. There was a re-enactment of Sections 328–331 in the General Revenue Act of 1935, Gen.Acts 1935, p. 379, Sections 296–299. This Act of 1935 also included what is now section 332, supra, in section 300 of it. There was also in the Act of 1935 what is now section 890, Tit. 51, Code 1940. That was section 379 of it, Gen.Acts 1935, p. 568 of the published act. It provided for a refund of the amount of any tax levied under it except ad valorem which was excessive or invalid. So that the Act of 1935 embraced a re-enactment of Sections 328–331, also a re-enactment of section 332, and section 890 first came into existence.

We think those statutes were intended to cover the entire field of excessive or illegal ·taxes levied and paid in the usual way. Section 913, Tit. 51, Code 1940, applies to collections made by the Department of Revenue, and section 848, Tit. 51, Code 1940, applies to a refund of license taxes. We think Sections 328–331, supra, were intended to include those excepted in Sections 332 and 890.

We do not attach importance to the language of section 328, making it apply to payments through mistake or error. It was said in Smith v. Tennessee Coal, Iron & R.

Co., 192 Ala. 129, 68 So. 865, 866, that money paid and collected under what purported to be a valid statute but which in law was not valid, was paid under a " 'mistake or error' ", and was within the meaning of the statute. We think we are on safe ground in holding that Sections 328–331, Tit. 51, Code 1940, apply to ad valorem taxes paid to the state on an invalid assessment.

■ It is insisted that the tax sought to be recovered was voluntarily paid, not under compulsion or protest. Sections 328–331, supra, as they appear in the Code of 1940, contain no provision with reference to that. Payment under compulsion or under protest must exist if not waived. Home Ins. Co. v. City of Birmingham, 236 Ala. 41, 180 So. 783. Section 332, supra, provides that it shall not be material to the right to refund whether it was paid under compulsion or protest. City of Prichard v. Hawkins, 255 Ala. 676, 53 So.2d 378; Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659; Richardson & Co. v. Town of Hamilton, 248 Ala. 585, 28 So.2d 924; Allred v. Dunn, 207 Ala. 469, 93 So. 390.

When Sections 328–331, supra, were enacted in 1919, Gen.Acts 1919, p. 362, it was provided that the refund was available "unless said tax was with knowledge of the facts voluntarily paid by the taxpayer." When re-enacted in 1935, Gen.Acts 1935, p. 379, it contained the same clause. The enactment of section 890, Tit. 51, Code, Gen.Acts 1935, p. 568, § 379, in the same act with present Code Section 328, required the taxpayer to make protest to justify a refund. So, at that time (1935), Sections 328 and 890 required compulsion or protest, and section 332 did not require it. When those laws were placed in the Code of 1940, § 332 continued to waive compulsion or protest, and section 890 continued to require protest; but in section 328 (here important), the provision denying refund, if payment was voluntary, was eliminated.

From the foregoing, we think the clause was left out as an indication that the provision was not regarded as important. It was expressly included in section 890, as amended. Pocket Part, Code 1940.

Section 332, we repeat exempts a requirement for protest. There is no such requirement in section 328, supra. It is apparent that when the legislature required protest it was so provided in respect to the statutes there in question. We think there should not be read into the statute a provision requiring compulsion or protest, when such provision was eliminated in setting out the statute as it now appears in the Code.

This is a suit for a declaratory judgment under section 156, Tit. 7, Code 1940. By section 167, as amended, Pocket Part, Code 1940, the right to such a judgment is not dependent upon inability to obtain relief by some other court procedure. We will not, therefore, inquire into that contention.

The decree of the trial court was in accord with our views, and it is therefore affirmed.

SIMPSON, GOODWYN and SPANN, JJ., concur.