The single issue in these appeals is whether the appellant taxpayer is entitled to receive interest on the refund of ad valorem taxes illegally collected as a result of his property's being assessed on the basis of "fair market" valuation rather *Page 240 
than "current use" valuation. We answer in the affirmative.
 This is the second time this case has been before us. See, White v. Sims, 470 So.2d 1191 (Ala. 1985). This case was brought under Rule 23, Ala.R.Civ.P., seeking relief for a plaintiffs' class by having the assessment procedure in Covington County declared void and illegal for those taxpayers who applied for "current use" valuation. The trial court granted summary judgment for plaintiffs, and this Court affirmed in White, supra.
In Glass v. Prudential Ins. Co. of America, 246 Ala. 579,586, 22 So.2d 13, 19 (1945), the Court held that the matter of interest is one dependent upon statute, and that "when a tax refund statute is silent as to interest, it does not imply that interest should be paid," but that, "[o]n the contrary, the intention thereby disclosed is denial of interest under it."
 The issue then becomes whether there is statutory authority in Alabama for the payment of interest on ad valorem tax refunds. Section 40-3-25, Ala. Code (1975), specifically delineates the relief to be granted to the taxpayer in the event the court determines the ad valorem assessment to be excessive. Section 40-3-25 provides as follows:
 "[U]pon presentation of a certified copy of the judgment to the comptroller, it shall be the duty of the comptroller to draw his warrant on the state treasurer in favor of such taxpayer for such an amount as the judgment of the court shall ascertain and declare has been erroneously paid to the state together with interest from the date of payment, and such warrant of the comptroller shall be paid out of any funds in the state treasury as a current obligation of the year in which said refund is ordered. Upon presentation of a certified copy of such judgment to a county commission, or upon presentation of a certified copy of such judgment to a county board of education or to the city council or other governing body of any municipality or upon presentation of a certified copy to the governing body of any other agency of the state which may have received any part of said tax erroneously paid as determined by the judgment, it shall be the duty of the county commission or the county board of education or of the city council or other governmental body of a municipality or of the governmental body of any other agency receiving any part of such taxes to draw its warrants on the treasurer of such county, school board, municipality or other agency in favor of the taxpayer for such an amount of said tax as may have been erroneously paid to such county, school board, municipality or other agency, together with interest from the date of payment, and such amount shall constitute a preferred claim of the current year in which said refund is ordered, and the respective treasurers are hereby required to refund such amounts received by said county, school board, municipality or other agency, with interest as herein provided." (Emphasis added.)
 Clearly, § 40-3-25 authorizes the payment of interest on ad valorem tax refunds. However, the State argues that while the taxpayer is attempting to take advantage of the statutory provision regarding interest, he is repudiating every other requirement of the statute. It is the State's contention that since the taxpayer has not appealed under § 40-3-25, he is not entitled to the relief available under that statute. Our prior decisions are in disagreement with this contention.
Eagerton v. Williams, 433 So.2d 436 (Ala. 1983), involved a fact situation identical to that of the instant case, and the Court held that the tax assessment was illegal and void. The Court went on to say that because the method of valuation was illegal on its face, the taxpayers were entitled to challenge the assessments without exhausting their administrative remedies. In Thorn v. Jefferson County, 375 So.2d 780 (Ala. 1979), the taxpayers were not required to comply with the statutory provisions; however, this Court did adopt a two-year limitations period, which corresponded to the two-year limitations period provided in the statute. This two-year limitations *Page 241 
period was applied in the first appeal of this case. White v. Sims, 470 So.2d 1191 (Ala. 1985).
 In Graves v. McDonough, 264 Ala. 407, 88 So.2d 371 (1956), the taxpayer was not required to pursue any certain remedy to get an assessment declared void and to obtain a refund. However, the Court held that the taxpayer could obtain the relief as provided for by statute. Therefore, the procedural requirements of the statute are not always a prerequisite to obtaining the substantive relief provided by the statute.
 Equity and fairness would dictate that if a taxpayer is entitled to interest on ad valorem taxes paid as a result of an excessive assessment, then a taxpayer who paid ad valorem taxes on an illegal and void assessment should be entitled to interest as well. The taxpayer has lost the use of those funds erroneously paid, and, as in the instant case, this loss could be for an extended period of time. Therefore, we hold that the relief afforded by § 40-3-25 applies to ad valorem taxes paid on an invalid and void assessment.
 Having determined that the taxpayer is entitled to interest on his refund, we must determine the rate of interest due on the refund. Section 40-1-44 provides as follows:
 "The annual rate of interest to be added to all taxes administered by the department of revenue which are not paid by the prescribed due dates shall be at the same rate established by the secretary of the treasury under the authority of 26 USCA § 6621. Interest due on overpayments shall be computed at the same annual rate."
 The State contends that this statute is inapplicable because ad valorem taxes are not "administered" by the Department of Revenue. Even though the Department of Revenue has some supervisory authority over local officials, the State insists that ad valorem taxes are administered by the local tax assessor and tax collector.
 In support of the contention that the Department of Revenue "administers" ad valorem taxes, Sims directs our attention to the statutory authority granted to the department:
§ 40-2-11
 "It shall be the duty of the department of revenue, and it shall have the power and authority, in addition to the authority now in it vested by law:
 "(1) To have and exercise complete supervision and control of the valuation, equalization and assessment of property . . . and of collection of all property . . . taxes within the state and counties, . . . and of the several county tax assessors and county tax collectors, probate judges and each and every state and county official, board or commission charged with any duty in the enforcement of tax laws, to the end that all taxable property in the state shall be assessed and taxes shall be imposed and collected thereon in compliance with the law and that all assessments on property, . . . in the state shall be made in exact proportion to the fair and reasonable market value thereof. . . .
 "(2) To equalize, value and assess or cause to be equalized, valued and assessed any property subject to taxation, . . . to set aside all assessments so entered in any assessment book, record or minutes . . . and . . . revalue and reassess said property and cause such revaluation and reassessment to be entered in the proper assessment book, record, or minutes in lieu of the original valuation and assessment. . . ."
 These two subsections demonstrate the Department of Revenue's general and complete control and supervision over the valuation, assessment, and collection of ad valorem taxes in Alabama. The Department has the authority to set aside the assessments of the local officials and impose its own assessments.
Evidence was presented to the trial court that demonstrated that the Department recognized its authority over ad valorem taxation in Alabama. The record contains a notice sent to a landowner in Choctaw County, Alabama, wherein the Department of Revenue set aside the values affixed by the Choctaw County Board of Equalization *Page 242 
to the landowner's property. Additionally, the record contains an order from the Commissioner of Revenue directing the appraisal of property in all counties. The Commissioner of Revenue initiated the action "as Commissioner of Revenue and administrator of the Ad Valorem Tax Laws of the State, in accordance with the authority granted to me in Section 40-2-11, et seq." (Emphasis added.)
 Combining the explicit language of the statutes with the actions and practices of the Department of Revenue, we are led to the inescapable conclusion that the ad valorem taxes in Alabama are administered by the Department of Revenue. The State insists that such an interpretation would cause § 40-1-44 to be in direct conflict with § 40-5-9. We disagree. Section 40-5-9 provides for a six percent rate of interest on delinquent taxes, and does not provide for interest on refunds. Section 40-5-9 is to be applied to delinquent taxes not administered by the Department of Revenue, while § 40-1-44
is to be applied to taxes administered by the Department of Revenue.
 Based on the foregoing, we are of the opinion that the judgment of the trial court is due to be reversed, and we hold that the appellants are entitled to receive pre-judgment interest on their refunds and that the rate of interest is to be calculated in accordance with the provisions of § 40-1-44. Also, the appellants are entitled to post-judgment interest pursuant to Ala. Code (1975), § 8-8-10.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and HOUSTON and STEAGALL, JJ., recused.