BRADLEY, Presiding Judge.
A consolidated petition for the writ of mandamus was presented to the Circuit Court of Montgomery County by Fishermen Marine Products, Inc., an Alabama Corporation, a/k/a Fishermen’s Marine Products, Inc., Zewen Marine Supply, Inc., an Alabama Corporation, Midstream Fuel Service, Inc., an Alabama Corporation, Petroleum Energy Products Corporation, an Alabama Corporation, and Baldwin-Mobile Fuel Company, Inc., an Alabama Corporation (taxpayers), seeking to have the State Commissioner of Revenue (Commissioner) pay interest on tax refunds previously made to them.
After a hearing at which a stipulation of facts was submitted along with cross-motions for summary judgment, the trial court ordered the Commissioner to pay interest on the refunds made to petitioners at the rate prescribed by section 40-1-44, Code 1975.
The stipulated facts show that taxpayers overpaid taxes that had been imposed on them by law as wholesalers of illuminating, lubricating, or fuel oils. They filed a request with the Commissioner for refund of the amount of overpaid taxes and at the same time requested that they be awarded interest on the overpaid taxes. The Commissioner refunded the amount of overpaid taxes but refused to pay interest on these refunds.
The sole issue before this court is whether the Commissioner is required to pay interest to taxpayers on the refund of mistakenly paid taxes.
Taxpayers, as did the trial court, rely on section 40-1-44, Code 1975, as authority for the collection of interest on refunds of taxes mistakenly paid.
Section 40-1-44, Code 1975, provides as follows:
“The annual rate of interest to be added to all taxes administered by the de *74 partment of revenue which are not paid by the prescribed due dates shall be at the same rate established by the secretary of the treasury under the authority of 26 USCA § 6621. Interest due on overpayments shall be computed at the same annual rate.” (emphasis supplied)
Taxpayers say that the second sentence of section 40-1-44, which is emphasized, authorizes the payment of interest on their tax refunds. The Commissioner replies that the second sentence merely prescribes the rate of interest to be paid in those instances where interest on overpayments is specifically authorized by statute to be paid.
It is settled in Alabama that the payment of interest on tax refunds is dependent on specific statutory authority. Sims v. White, 522 So.2d 239 (Ala.1988); Glass v. Prudential Insurance Co. of America, 246 Ala. 579, 22 So.2d 13 (1945).
In Sims the issue was whether there was statutory authority for the payment of interest on ad valorem tax refunds. As the supreme court pointed out, section 40-3-25, Code 1975, authorizes not only refunds of excessive payments of ad valorem taxes but also specifically authorizes the payment of interest on any such over-payments. The supreme court then said that the rate of interest to be paid by the Commissioner of Revenue on such refunds is determined by applying section 40-1-44, Code 1975.
In the case at bar section 40-17-180 authorizes a refund of overpaid taxes on lubricating oils in accordance with the provisions of section 40-1-34, Code 1975. Nowhere in section 40-17-180 is there any mention of interest to be paid on the refunds of overpaid taxes.
Taxpayers say, however, that the second sentence of section 40-1-44 impliedly authorizes the imposition of interest on the refunds made to them. We disagree.
The second sentence of section 40-1-44 provides that “interest due on over-payments shall be computed at the same annual rate” as that provided by the first sentence for interest on overdue taxes.
The preamble to Act 81-258, Acts of Alabama 1981, which is the forerunner of section 40-1-44, begins by stating: “To provide for the rate of interest on overdue or overpaid taxes administered by the department of revenue_” (emphasis supplied) Obviously, the purpose of the second sentence of section 40-1-44 was to establish a flexible rate of interest to be applied in those situations where the Commissioner had been authorized to pay interest on tax refunds.
As noted in Sims, interest that had been specifically authorized by statute to be paid was to be paid at a rate to be determined by section 40-1-44.
In the case at bar there was no specific statutory authorization for the payment of interest on the tax refunds; consequently, section 40-1-44 was not activated and could not be applied. In other words, the rate of interest to be determined according to section 40-1-44 would be applied only where the payment of interest on a refund had been specifically authorized. Sims.
Simply put, section 40-1-44 merely provides the rate of interest to be used in calculating the interest due on tax over-payments where such interest is elsewhere statutorily authorized to be paid. The existence of Section 40-1-44 does not authorize the payment of interest on over-payments of taxes pursuant to section 40-17-180, Code 1975.
Consequently, the trial court erred in requiring the Commissioner to pay interest on the refunds that he made to taxpayers in the case at bar. The judgment of the trial court is reversed and the cause remanded for entry of judgment for the Commissioner.
REVERSED AND REMANDED WITH DIRECTIONS.
HOLMES and INGRAM, JJ., concur.