PER CURIAM.
Leon McGinnis and other taxpayers had been awarded a refund of illegally assessed ad valorem taxes, and pursuant to the supreme court case of Sims v. White, 522 So.2d 239 (Ala.1988), he requested that he now be paid pre-judgment and post-judgment interest. A hearing was set on McGinnis’s motion; however, we have no transcript of such a hearing. The record only reveals that the trial court denied McGinnis’s motion.
The case began in 1983 when Leon McGinnis, along with several other plaintiffs, brought a class action against James White, Commissioner of Revenue (commissioner), contending that the commissioner improperly and illegally assessed and collected taxes on certain farm lands. After several orders and amended orders, the trial court ultimately entered a final judgment on February 2, 1987. The final judgment was in favor of McGinnis and the other plaintiffs, and ordered that a refund of taxes be made during the period from November 1987 through January 1988.
In August 1990, McGinnis filed a motion before the trial court requesting that interest on the refund be paid to him. He alleged that due to the supreme court case of Sims he was entitled to interest on his refund.
In March 1988, the supreme court in Sims found that there is statutory authority in Alabama for the payment of interest on ad valorem tax refunds, Ala.Code 1975, § 40-3-25. Therefore, it held that the taxpayers were entitled to receive interest on their refunds of ad valorem taxes which were illegally collected.
In brief, the defendants contend that interest is not due to McGinnis because the demand for the interest was made more than two years after the refund. In support of his argument, the defendants cite Thorn v. Jefferson County, 375 So.2d 780 (Ala.1979).
The supreme court in Thorn held that a class action was a proper remedy for the recovery of any taxes which were paid illegally. However, it limited the recovery of “taxes” paid to the two taxable years next preceding the filing of the complaint. Such is not the issue in the present case. Here, McGinnis simply requested that the defendants pay the interest, pursuant to Sims, on the refund already awarded. Therefore, the two year statute of limitation does not apply in the instant case, and the judgment of the trial court is due to be reversed and remanded with directions to grant McGinnis’s request.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.