THIGPEN, Judge.
This is an appeal from an order of the Circuit Court of Shelby County, denying a motion to enforce a judgment.
*125 In 1985, Trim Building Corporation and other taxpayers (Trim) were awarded a refund of illegally assessed ad valorem taxes in a class action suit. More than five years later, Trim requested that it be paid prejudgment and post-judgment interest in accordance with the supreme court decision in Sims v. White, 522 So.2d 239 (Ala.1988). This request was made through a motion to enforce a judgment, which the trial court denied. Trim moved for reconsideration, and after this was denied, Trim appealed.
The dispositive question raised on this appeal is whether the award of interest on ad valorem taxes is precluded by the fact that the appellant has already accepted the sum awarded in the trial court’s judgment, which did not mention interest.
The Supreme Court in Sims gives us two propositions relevant to the instant case. First, it held that Ala.Code 1975, § 40-3-25, provides statutory authority in Alabama for the payment of interest on “ad valorem taxes paid on an invalid and void assessment.” Sims, supra, at 241. Even without the ruling in Sims, Ala.Code 1975, § 40-3-25, is relatively straightforward in stating this:
“Upon such appeal to the circuit court or to the supreme court, the court shall ascertain and determine by its judgment the amount of tax which was invalid or which was excessive both as to the amount paid to ... governmental agencies receiving any part of such taxes, and thereupon, upon presentation of a certified copy of the judgment to the comptroller, it shall be the duty of the comptroller to draw his warrant on the state treasurer in favor of such taxpayer for such an amount as the judgment of the court shall ascertain and declare has been erroneously paid to the state together with interest from the date of payment_” (Emphasis added.)
Second, Sims holds that the taxpayer is allowed to collect this interest payment despite not having appealed under § 40-3-25: “... the procedural requirements of the statute are not always a prerequisite to obtaining the substantive relief provided by the statute.” Sims, supra at 241.
A careful reading of the cases that the supreme court relies upon in Sims will show the limitations the court intended to apply to this second proposition. These cases are all simply exceptions to the “exhaustion of administrative remedies” doctrine. As stated in City of Gadsden v. Entrekin, 387 So.2d 829, 833 (Ala.1980), exceptions to the exhaustion of administrative remedies doctrine generally arose where “the action raises questions of law only and not matters requiring administrative findings of fact or an exercise of administrative discretion.” None of these cases allow the court to dispense with all of the procedural requirements for obtaining relief.
The first case relied upon, Graves v. McDonough, 264 Ala. 407, 88 So.2d 371 (1956), allowed the taxpayer to seek and obtain a judgment from the court despite the fact that he did so without a protest and to appeal to the taxing authority as stated in the statute. The court allowed the plaintiff to obtain a judgment despite a failure to exhaust administrative remedies becaus-there was no legal authority to assess this tax and it was therefore void.
A second case, Thorn v. Jefferson County, 375 So.2d 780 (Ala.1979), held that in lieu of exhausting administrative remedies, a class action was a “permissible vehicle” for the recovery of any taxes which were paid due to an illegal assessment. The recovery of such taxes was limited to the “two taxable years next preceding the filing of the complaint.” Id. at 788. This exception to the exhaustion of administrative remedies doctrine provides a needed shortcut to challenge the legitimacy of ad valorem taxes. Class-action suits would be virtually impossible without this exception.
Eagerton v. Williams, 433 So.2d 436 (Ala.1983), is another class-action suit in which plaintiffs were not required to exhaust administrative remedies. This case stated two rationales for the exhaustion of the administrative remedies doctrine: “protection of the courts from a multiplicity of suits” and “record-building by administrative bodies.” Id. at 449. Eagerton, and the other cases discussed earlier, simply *126 create an exception to the doctrine of exhaustion of administrative remedies where the rationales for this doctrine are not enhanced and are even hindered by its application.
There is clearly a difference between allowing an exception to the exhaustion of administrative remedies doctrine, where this doctrine is counter-productive, and creating an exception to the Alabama Rules of Civil Procedure to allow the amendment of a judgment over five years after a judgment. Unfortunately, in McGinnis v. White, 585 So.2d 56 (Ala.Civ.App.1991), this court failed to make this distinction.
As stated earlier, Sims provides statutory authority for interest in ad valorem cases. In addition, it is well-settled under Alabama law that where there is statutory authority for interest, it is not required that one specifically pray for it in the complaint. Alabama Terminix Co. v. Howell, 276 Ala. 59, 158 So.2d 915 (1963); Roe v. Brown, 249 Ala. 425, 31 So.2d 599 (1947); Norris v. Wynne, 247 Ala. 100, 22 So.2d 730 (1945). This does not remove from Trim the requirement that they make a motion within 30 days to amend a judgment under Rule 59(e), A.R.Civ.P. upon obtaining a judgment from the trial court which fails to mention interest.
The motion to enforce a judgment filed by Trim is, in effect, a motion to amend a judgment. The original judgment is satisfied. If Trim was determined to seek interest on its ad valorem taxes, it should have made a timely request for an amendment to do so. See, e.g., Maddox v. Alfa Mut. Ins. Co., 577 So.2d 457 (Ala.1991). Instead, Trim accepted a judgment which by its very wording precludes interest:
“The court is now informed that the State of Alabama has fulfilled its obligations under the prior Order of this Court and has paid the said sum of Sixty-Eight Thousand Thirty and 32/100 ($68,030.32) Dollars to the Plaintiffs’ attorneys. Therefore, satisfaction is hereby entered upon the records of this Court in behalf of the State of Alabama for any further liability in this cause.
[[Image here]]
“After payment of these sums the liability of Shelby County, Alabama, as an entity, shall be extinguished.” (R. 48-50)
Trim’s acceptance of the payment tendered acted as a satisfaction of the original judgment.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
RUSSELL, J., concurs.
ROBERTSON, P.J., dissents.