THIGPEN, Judge.
This is a tax case wherein appellant Mount Tabor Benevolent Association, Inc. (Mt. Tabor), seeks to regain legal title to certain property sold to the State of Alabama, by and through its land commissioner, James M. Sizemore, for non-payment of back taxes.
Mt. Tabor, which incorporated in 1975, owned and operated a bingo facility in Bessemer. In 1982, Mt. Tabor was granted a charitable exemption status from ad valo-rem taxes on the bingo facility property pursuant to Ala.Code 1975, § 40-8-l(d). This charitable exemption status was renewed for tax years through 1987.
On October 21, 1987, the Jefferson County Commission notified Mt. Tabor that its charitable exemption status had been revoked, and that Mt. Tabor must pay taxes beginning with the 1987 tax year. Mt. Tabor never paid the delinquent 1987 tax, and on June 1, 1988, the property was sold to the State of Alabama. Ultimately, Mt. Tabor initiated an action on June 28, 1991, requesting an injunction against the sale proposed by the State pursuant to Ala. Code 1975, § 40-10-132, and a declaratory judgment. On July 16, 1991, the trial court dismissed the complaint, holding, inter alia, that Mt. Tabor had failed to follow the statutory appeals process, and that the revocation of Mt. Tabor’s charitable exemption status was authorized.
Mt. Tabor appeals the loss of the tax-exempt status, arguing that property which was previously assessed and granted a charitable exemption is not subject to taxation after the end of that tax year, absent fraud in obtaining the exemption. Mt. Tabor also appeals the trial court’s denial of standing to prove its tax-exempt status for subsequent years.
We first note that the right of appeal in tax cases is statutory, and an appeal in such a case must be executed in the time and manner prescribed by statute. State v. Colonial Refrigerated Transportation, Inc., 48 Ala.App. 46, 261 So.2d 767 (Ala.Civ.App.1971). Therefore, our threshold analysis must determine whether Mt. Tabor complied with the statutory provisions for appeals. Ala.Code 1975, § 40-7-23, provides that following an escape assessment, the property owner has twenty days to object and request a hearing. Following final assessment, the property owner then has thirty days to appeal to the circuit court. The record reveals that although Mt. Tabor may have requested a hearing, it failed to appeal to the circuit court within the time allowed by statute. Plainly, the trial court correctly determined that Mt. Tabor failed to follow the guidelines for appeal set forth in Ala.Code 1975, § 40-7-23.
This omission notwithstanding, Mt. Tabor now appeals the tax assessor’s ruling, citing Graves v. McDonough, 264 Ala. 407, 88 So.2d 371 (1956), as authority regarding its failure to follow the statutory guidelines for appeal. In Graves, the taxpayer paid taxes on an erroneous escape assessment. Our Supreme Court held that a taxpayer is entitled to a refund despite *759 not following the statutory remedies, if the tax he paid is void on its face. In the instant case, Mt. Tabor contends that the escape assessment was void on its face, because the tax assessor revoked its tax-exempt status for 1987 on October 21, 1987, although the 1987 tax year had ended September 30, 1987. Because the revocation was three weeks after the end of the tax year, Mt. Tabor argues, the revocation and escape assessment were void.
Ala.Code 1975, § 40-7-10, states the tax assessor’s authority to revoke tax-exempt status; it reads in part as follows:
“If on October 1 of any year such exempted property shall have become subject to taxation, it shall be the duty of the person or persons who are liable for the tax on such property to notify the tax assessor between October 1 and prior to January 1 of that tax year that the property is no longer subject to exemption, and the tax assessor shall list the property for taxation. If the tax assessor discovers, at any time, that property so exempted is no longer entitled to exemption and such fact has not been reported to him as required above, he may list such property as an escape in accordance with the procedure pertaining to escaped taxes in this title.” (Emphasis added.)
The State asserts that this statute authorizes the tax assessor to revoke a charitable exemption after the end of the tax year. We agree.
Therefore, we find that the trial court acted properly in dismissing Mt. Tabor’s complaint. Having so determined, it is not necessary to determine Mt. Tabor’s standing to prove its tax-exempt status for the subsequent years. The decision of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.