This case involves a petition for a refund of ad valorem taxes.
SC Realty, Inc., filed a petition in the probate court, pursuant to Ala. Code 1975, § 40-10-160, asserting a claim for a refund of $132,819.09, plus interest, in real property ad valorem taxes assessed and collected by the tax assessor for Jefferson County, Alabama (County). In its petition, SC Realty contended that the property upon which the tax was exacted was exempt from such taxes because the property was owned by the Industrial Development Board of Homewood, Alabama.
The probate court issued an order denying SC Realty's petition for a refund on April 30, 1992. A notice of appeal was filed with the circuit court on June 8, 1992.
SC Realty filed a motion for summary judgment. The County filed a motion to dismiss, asserting that the circuit court lacked jurisdiction to hear SC Realty's appeal. The County also filed a motion for summary judgment. The court denied the County's motion to dismiss. The County's motion for summary judgment was granted, and SC Realty's motion for summary judgment was denied on January 15, 1993. However, this order was stayed pending further arguments of counsel. On March 9, 1993, after further arguments of counsel, the stay was lifted, and the order granting the County's motion for summary judgment was re-entered.
SC Realty appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
The County contends that this appeal is untimely and is due to be dismissed. The basis for its contention is the rationale used by this court in Hicks v. Enlow, 495 So.2d 691
(Ala.Civ.App. 1986). This court determined in Hicks that there was no legislative authority for the paternal grandparents to appeal to the circuit court from a final judgment of the probate court.
Hicks was an adoption case, wherein the paternal grandparents had appealed to the circuit court from a final judgment of the probate court. The circuit court dismissed the appeal due to the fact that an appeal in adoption cases did not lie from the probate court to the circuit court. The paternal grandparents appealed the action of the circuit court, which dismissed their appeal, to this court. This court dismissed the appeal inHicks.
In Hicks, this court recognized that Ala. Code 1975, §12-22-21, deals with seven certain designated types of cases
which can be appealed from the probate court to the circuit court. However, the provisions of § 12-22-21 did not apply inHicks because an appeal in an adoption case was not one of theseven certain designated types of cases mentioned in that statute. We recognize that an appeal from a petition for a refund of ad valorem taxes filed pursuant to § 40-10-160 is also not one of the seven certain designated types of cases
mentioned in that statute. Consequently, § 12-22-21 does not apply in the instant case.
We note that § 12-22-21 provides, in pertinent part:
 "Appeal from the order, judgment or decree of the probate court may be taken by the party aggrieved to the circuit court or supreme court in the cases hereinafter specified. Appeals to the supreme court shall be governed by the Alabama Rules of Appellate Procedure, including the time for taking an appeal. Appeal to the circuit *Page 1345 
court in such cases shall be within the time hereinafter specified:"
(Emphasis added.)
It appears from our reading of § 12-22-21 and Hicks that an appeal from the probate court may be taken to the circuit courtonly in the seven types of cases specified.
However, we should not be understood as holding that no cases other than those seven enumerated types of cases in § 12-22-21
can be appealed from the probate court to the circuit court. It should be understood that the statutory scheme governing the appeal of a certain type of case should control. If a statute governing a certain type of case allows an appeal from the probate court to the circuit court, then that statute is controlling.
Further, in Hicks, this court recognized the fact that Ala. Code 1975, § 12-22-20, was the general statute regarding an appeal from the probate court, and under this statute, such appeal lies to either the circuit court or the supreme courtunless there is a special legislative provision regarding that specific type of appeal. In Hicks, this court noted that it had been granted exclusive jurisdiction over appeals in adoption cases pursuant to Ala. Code 1975, § 12-3-10, and that such provision must be construed as an exception to the general law.
We note that Ala. Code 1975, § 12-3-10, provides, in pertinent part: "The court of civil appeals shall have exclusive appellate jurisdiction of . . . all appeals from administrative agencies other than the Alabama public service commission. . . ."
The supreme court, in Kimberly-Clark Corp. v. Eagerton,433 So.2d 452 (Ala. 1983), interpreted the phrase "all appeals from administrative agencies other than the Alabama public service commission" contained in § 12-3-10 to give the Court of Civil Appeals "exclusive jurisdiction of all appeals involving the enforcement of, or challenging, the rules, regulations, orders, actions, or decisions of administrative agencies."Kimberly-Clark Corp., 433 So.2d at 454. The supreme court stated that it is generally understood that the exclusive jurisdiction of the Court of Civil Appeals has not been "limited to a direct appeal from a ruling of an administrative agency," but also encompasses appeals from the judgments of lower courts which had reviewed the action of the administrative agency. Kimberly-Clark Corp., 433 So.2d at 453.
The instant case involves a dispute between a taxpayer and a county tax assessor, an administrative officer of the state. The taxpayer filed its petition for a refund of the taxes, which it alleged was erroneously paid, with the probate court as provided in Ala. Code 1975, § 40-10-161. When the petition was denied, the appeal of that denial should have been taken from the probate court to the Court of Civil Appeals.Kimberly-Clark Corp., 433 So.2d 452; Hicks, 495 So.2d 691.
To support its contention that § 12-22-20 gives the circuit court appellate jurisdiction over its appeal from the probate court, SC Realty cites Graves v. McDonough, 264 Ala. 407,88 So.2d 371 (1956), and State v. Ross Grady Insurance Agency,Inc., 48 Ala. App. 578, 266 So.2d 787 (Ala.Civ.App. 1972). Both of these cases involved a petition for a tax refund filed with the probate court, which was then appealed to the circuit court before being appealed to the supreme court in Graves and to the Court of Civil Appeals in Ross Grady. However, Graves
and Ross Grady can be distinguished from the instant case because the issue of an untimely appeal was not raised in either of those cases.
We note that it is of no consequence that the instant case was appealed to the supreme court and deflected to this court pursuant to § 12-2-7(6), rather than being transferred to this court pursuant to Ala. Code 1975, § 12-1-4.
However, it is of some consequence that the instant case was appealed from the probate court to the circuit court, because during the period in which the case was pending before the circuit court, the time to file a notice of appeal with the Court of Civil Appeals expired.
In view of the above, this appeal is due to be, and is, dismissed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. *Page 1346 
HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.